IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALEXANDER Y. HASSO,            )
                               )
          Plaintiff,           )
                               )
     v.                        )    No. 10 C 6606
                               )
SCHINDLER ELEVATOR CORP.,      )
                               )
          Defendant.           )

## MEMORANDUM ORDER

Schindler Elevator Corp. ("Schindler") has filed its Answer to the first three counts of the Complaint filed against it by its ex-employee Alexander Hasso ("Hasso"), accompanying that responsive pleading with a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss Complaint Count IV. Unlike the first three counts, which are advanced under federal laws prohibiting employment discrimination, Count IV is a state law claim that charges Schindler with the intentional infliction of emotional distress.

Both Schindler's supporting memorandum and Hasso's memorandum in opposition to dismissal draw upon the same Illinois authorities, which confine such claims within quite narrow boundaries. One particular limitation is that such a claim will not lie where an employee's contention is of the type covered by the Illinois Worker's Compensation Act, while the more general grounds for dispatching such claims by any plaintiff are those established more than two decades ago in McGrath v. Fahey, 126

Ill.2d 78, 533 N.E.2d 806 (1988).

But that said, it remains true that the viability of such claims is very much fact-bound and that plaintiff Hasso is entitled to a generous reading of his allegations, subject to the gloss of "plausibility" that the United States Supreme Court has recently imposed in its Twombly-Iqbal canon. And here Hasso portrays himself as an employee of more than three decades tenure who was terminated on outrageously flimsy and contrived grounds that were initiated by the same higher-ranking employee on whose activities Hasso had blown the whistle because of that employee's self-dealing in violation of his own fiduciary obligations owed to Schindler--a firing that Schindler itself ratified by ignoring the higher-up's wrongdoing.

Moreover, Hasso adds, by way of aggravation, the allegation in Complaint ¶14 that Schindler also failed to take any action to curb still another employee who "repeatedly referred to Plaintiff as a 'terrorist' because of Plaintiff's national origin." And to add insult to injury, that offending employee was assertedly promoted by the miscreant higher-up after Hasso had been fired.

This Court of course makes no judgment as to whether Hasso can deliver as advertised in his Complaint. But based on his allegations (which are accepted as true for Rule 12(b)(6) purposes), Schindler's motion is denied. It is ordered to answer

Complaint Count IV on or before February 2, 2011.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  January 19, 2011